IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JEFFERY WILLIAM OLNEY,

           Plaintiff,           Civil No. 05-296-TC

           v.                FINDINGS AND
                              RECOMMENDATION

DR. JOHN HARTWIG, et al.,

           Defendants.

COFFIN, Magistrate Judge.

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 alleging that defendants denied him adequate medical care in violation of his Eighth Amendment rights.

Defendants now move to dismiss (#26) on the ground that plaintiff did not exhaust his administrative grievance remedies.

Plaintiff alleges that defendants refused to assign him to a lower bunk to accommodate a neuromuscular problem and

1 - FINDINGS AND RECOMMENDATION

that on July 10, 2003, he fell from his upper bunk and sustained injuries.

Plaintiff filed a first level grievance on June 21, 2004, alleging that "on July 10, 2003 after many requests to be moved to a lower bunk I fell and was injured." Defendants' Exhibit 101, Hicks Affidavit, Attachment 6, p. 2.

Prior to filing the grievance, plaintiff filed a tort claim notice with the State of Oregon. Id. Therefore, plaintiff's grievance was returned to him "because pursuant to the Rules, 'the Department will not process grievances on claims or issues that the inmate is pursuing in pending litigation in the courts.'" Hicks Affidavit, Id. p. 4.

Defendants argue that "[p]laintiff failed to properly follow the grievance process set out by ODOC ... [and] failed to appeal his grievance(s) to the final level - the Assistant Director level." Defendants' Memorandum (#27) p. 2).

The PLRA, 42 U.S.C. § 1997e(a), requires that inmates exhaust all remedies prior to filing a 42 U.S.C § 1983 action. Porter v. Nussle, 534 U.S. 516 (2002); Booth v. Churner, 532 U.S. 731 (2001); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003); Bennet v. King, 293 F.3d 1096, 1098 (9th Cir. 2002).

Administrative Rule 291-109-0140(1)(g), provides: "The Department will not process grievances on claims or issues

2 - FINDINGS AND RECOMMENDATION

that the inmate is pursuing in pending litigation in the courts."

I find that ODOC's conclusion that the filing of a tort claim notice constitutes "pending litigation in the courts" is an unreasonable construction of the rule.

The instructions given to inmates in connection with the filing of tort claim notices state:  "The filing of your Notice of Tort Claim will not adversely affect your rights to bring suit in other ways."  <u>See</u>, Plaintiff's Exhibit 101-A. The instructions further state:  "If there is still any question in your mind as to whether or not you have a tort action, file your Notice of Tort Claim.  It is better to file your Notice of Tort Claim than not.  The Notice of Tort Claim does not obligate you to sue ... ."  These instructions indicate that the mere filing of a *notice* of tort claim does not commence a lawsuit or constitute "pending litigation in the courts."

Under these circumstances, I find that defendants' argument that plaintiff's grievance "could not be processed" pursuant to OAR 291-109-0140(1)(g) assumes an unreasonable interpretation of the rule.

In addition, a grievance is deemed "exhausted" when the prisoner "could go no further in the prison's administrative system" and "no remedies remained available to him."  <u>Ngo v.</u>

3 - FINDINGS AND RECOMMENDATION

Woodford, 403 F.2d 620, 625 (9th Cir. 2005).  OAR 191-109-0140(5)(a)(A)   provides that [a]n inmate may appeal the employee's *response*." Defendants have not established how Plaintiff could have appealed a grievance that was not accepted for filing.

As noted in Ngo v. Woodford, a prisoner's access to the courts should not be based on their "ability to navigate procedural minefields" rather than the merits of their claim.

Defendants' Motion to Dismiss (#26) should be denied.


IT IS SO ORDERED

DATED this ___|___ day of August, 2006.

_____
Thomas M. Coffin
United States Magistrate Judge


4 - FINDINGS AND RECOMMENDATION