IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JEFFERY WILLIAM OLNEY,

        Plaintiff,        Civil No. 05-296-TC

        v.                 FINDINGS AND
                              RECOMMENDATION

DR. JOHN HARTWIG, et al.,

        Defendants.

COFFIN, Magistrate Judge.

    Plaintiff filed this action pursuant to 42 U.S.C. § 1983 alleging that defendants denied him adequate medical care in violation of his Eighth Amendment rights. Plaintiff alleges that defendants refused to assign him to a lower bunk to accommodate a neuromuscular problem and that on July 10, 2003,

1 - FINDINGS AND RECOMMENDATION

he fell from his upper bunk and sustained injuries.

Defendants now move to dismiss (#26) on the ground that plaintiff did not exhaust his administrative grievance remedies.

The PLRA, 42 U.S.C. § 1997e(a), requires that inmates exhaust all remedies prior to filing a 42 U.S.C. § 1983 action. Porter v. Nussle, 534 U.S. 516 (2002); Booth v. Churner, 532 U.S. 731 (2001); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003); Bennet v. King, 293 F.3d 1096, 1098 (9th Cir. 2002). In Woodford, et al. v. Ngo, 126 S.Ct. 2378, 2006 U.S. Lexis 4891 (June 22, 2006), the Supreme Court held that failure to comply with all important procedural aspects of an institution's grievance system bars subsequent civil rights litigation.

In this case, plaintiff filed a first level grievance on June 21, 2004, alleging that "on July 10, 2003 after many requests to be moved to a lower bunk I fell and was injured." Defendants' Exhibit 101, Hicks Affidavit, Attachment 6, p. 2.

The record reflects that plaintiff's grievance was defective in two important aspects.

First, plaintiff did not file his grievance with 30 days as required by OAR 291-109-0140(3)(b). In order to be timely,

2 - FINDINGS AND RECOMMENDATION

plaintiff should have filed his grievance by August 9, 2003.

Second, the grievance rules provide that a separate grievance should be filed against each individual ODOC employee involved in the matter giving rise to the inmate's complaint and describe their alleged conduct. <u>See</u>, OAR 291-109-0140(1)(f). Plaintiff failed to file a grievance against the individuals named as defendants in this action.

Plaintiff's grievance was not timely and defective. Therefore, this action is barred. <u>See</u>, <u>Woodford v. Ngo</u>, supra.

Defendants' Motion to Dismiss (#26) should be allowed. This action should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a

3 - FINDINGS AND RECOMMENDATION

waiver of a party's right to <u>de</u> <u>novo</u> consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 12 day of December, 2006.

Thomas M. Coffin
United States Magistrate Judge

4 - FINDINGS AND RECOMMENDATION